THIRD & LAFAYETTE STREETS GARAGE, INC., Plaintiff, *v.* GLOBE DISCOUNT CORPORATION, Defendant.

Supreme Court, Chautauqua County, February 5, 1929.

*Ernest Cawcroft,* for the plaintiff.

*Frederick T. Devlin,* for the defendant.

CHARLES B. WHEELER, Official Referee. Pursuant to an order of this court, entered herein on the 12th day of November, 1928, upon the stipulation duly filed, of all parties, referring it to me to hear and determine the issues of this action, I decide to find as follows:

1. That plaintiff is a company engaged in selling motor cars at Jamestown, N. Y. It frequently sells cars and takes from the purchasers notes in part payment for the purchase price. The defendant is a corporation which purchases said notes from dealers. It applied to the plaintiff to do business with it. The plaintiff dealt in new and also in second-hand cars. When it took notes for new cars it sold and transferred such notes to the defendant indorsing such notes without recourse to the indorser. When the plaintiff sold a used or second-hand car it also took notes and transferred them to the defendant without recourse to the indorser. However, in such cases the defendant did not pay the plaintiff the full agreed price of such notes, but retained or held back a portion of the discount price, and then issued and delivered to the plaintiff a certificate in the following form:

" This certifies that the Globe Discount Corporation, of Buffalo, New York, in purchasing a certain note, has withheld from Third & Lafayette Streets Garage, 218 Third Street, of Jamestown, N. Y. ........................DOLLARS ($..........) which is payable when, if and as all notes are now or which may hereafter be discounted are paid with interest at the rate of six per cent per annum, to the due date of the note last maturing, at Jackson Bldg., Buffalo, N. Y.

"THE GLOBE DISCOUNT CORPORATION

"......................Manager.

" BUFFALO, N. Y......................192..."

2. In exceptional cases it took such certificates when notes were given in part payment for new cars.

3. This action is brought to recover upon some twenty-one certificates given by the defendant amounting to the aggregate sum of $1,136.75. The making and delivery of these certificates is admitted, but the defendant contends that none of them by their terms are due and payable for the reason that the defendant holds notes purchased from the plaintiff which have not been paid by the makers, and that until all such notes have been paid the amounts represented by the certificates are not due and payable, and, therefore, the plaintiff is not entitled to recover in this action.

4. That the evidence shows that all notes given for used cars and for which certificates were issued have been paid, but there is

no claim that all notes given for new cars on which no certificates were issued have been paid. If the right to recover depends on all notes of both classes being paid, then the burden rests on the plaintiff to show said fact. The plaintiff, however, contends that the provision in the certificates that " all notes which are now or which may hereafter be discounted are paid," relates solely to such notes as were given for used cars, and has no application to notes given for new cars, that the certificates should be given such a construction; and that the construction · given to the instrument by the parties themselves is to that effect and should be followed by the court.

5. That the evidence is undisputed that as matter of fact after these certificates had been given, and when the maker of the note on which it was given paid his note to the defendant, the defendant did pay over to the plaintiff the amount stated in the certificate, and continued to do so up to about the time this action was begun, but has refused to make further payments of the certificates until all notes held by it have been paid by the makers. Hence this lawsuit.

6. That the plaintiff gave evidence that when the defendant's agent arranged for the discounting of notes taken by the plaintiff it was assured the certificates would be paid when the notes on which they were issued were paid. · This was offered not to vary the terms of the contract but to show the construction the defendant placed on the certificates. Of course, such evidence would not be competent to alter or vary the terms of the contract, for it must be deemed all previous terms or agreements were merged into the written instrument. Such testimony was probably incompetent for any purpose although it was not objected to when offered.

7. That the language of the certificates in question is plain and explicit. It is on its face quite unambiguous. It says they are " payable when, if and as all notes which are now or which may hereafter be discounted, are paid."

8. That it makes no distinction between notes given on which certificates were given, and notes where none were issued. It covers " all " notes without qualification. We are unable to discover how it can mean anything different from what it says, and if it was intended to limit to a particular class of notes the proper thing to have done was to have had the certificate so state. The question remains whether the fact that the defendant did from time to time pay the certificates given when each individual note was paid, can change or alter the legal obligation of the parties as expressed in the instrument itself.

9. That it is to be noted these certificates were payable only when " *all notes which are now or which may hereafter be discounted are paid.*"

10. That the plaintiff's contention is that this related to the class of notes given for used cars, and not to notes given for new cars.

11. That it cannot possibly be claimed that by the terms of the certificates a certificate became payable as soon as the note on which it was issued had · been paid, for it is not to be paid until " all notes which are now or which may hereafter be discounted are paid." The certificates specifically refer to other than the particular note on which the certificate was issued. The testimony, however, shows that the practice of the defendant was to pay a given certificate when the note on which it was issued was paid. So the practice and course of business actually followed did not conform to the construction claimed by the plaintiff, but was in fact more liberal toward the plaintiff. It was so liberal that it can hardly be claimed in face of the wording of the certificate that it amounted to a construction or interpretation by the defendant of the terms of the instrument. It justifies the referee, we think, in concluding that what the defendant did was rather a matter of favor to the plaintiff than any intended recognition of a construction giving a legal right.

12. That the defendant had the right if it saw fit to pay these certificates at any time, even before the note on which it. was issued was paid. It might waive its strict legal rights on any single certificate without impairing its rights as to others. The defendant may have thought it good business policy to pay and take up such certificates from time to time for the sake of continuing to do business with the plaintiff. We do not see that by so doing it precluded itself from at any time it thought best refusing to continue the practice. It is going we think at lengths to hold that the practice it followed amounted to the recognition of a legal obligation imposed by the contract itself.

13. That it is true as contended by the plaintiff's counsel that the construction placed on contracts by the parties to it may be looked to by the court as its guide in determining the meaning of the agreement, but this rule is qualified by the further rule that where the meaning is not uncertain the fact that the parties have by their subsequent conduct or otherwise placed an erroneous construction upon it, will not prevent the court from giving the true construction. (9 Cyc. 590, citing numerous cases; *Giles* v. *Comstock*, 4 N. Y. 270.)

14. That if we are to assume that by the payment of prior certificates the defendant did so because it thought it was legally obliged

so to do although " all " other notes held by it had not been paid, and acted upon an erroneous construction of the meaning of the certificates given, nevertheless, under the authority of *Giles* v. *Comstock* we are of the opinion the defendant has still the right to insist that by the very terms of the certificates it cannot be compelled to pay remaining certificates until " all " the notes it now holds have been paid.

15. That it is doubtful, however, as we have already pointed out, that the defendant by making payments of other certificates intended to place construction of an obligation to pay before *all* notes were in fact paid. It might waive the condition as to some, but insist on its rights as to others.

16. That the condition imposed as to the time of payment seems harsh, but so long as the plaintiff consented to the terms it will have to abide by them.

17. That we can find no ambiguity or uncertainty in the words used in the instrument. Words employed are to be given their usual and ordinary meaning, and when the words used are " all notes " the referee feels compelled to hold just that was meant and nothing less.

18. That this leads the referee to the conclusion that the plaintiff's complaint must be dismissed, and costs be given to defendant.

So ordered.